IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17CV451

| | | |
|---|---|---|
| KIMBERLY G. STACK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| NANCY A. BERRYHILL, | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

This matter is before the Court on the parties' cross motions for summary judgment (# 9, 13). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted.

**I.     Procedural History**

On May 22, 2013, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits. (Transcript of Administrative Record ("T.") 59.) Plaintiff also protectively filed a Title XVI application for Supplemental Security Income on May 22, 2013. (T. 59.) In both applications, Plaintiff alleged a disability onset date of February 4, 2013. (T. 59.)

The Social Security Administration denied both claims initially on September 18, 2013. (T. 59.) The claims were denied upon reconsideration on March 25, 2014. (T. 59.) On April 3, 2014, Plaintiff filed a written request for a hearing. (T. 59.)

On October 28, 2015, a video disability hearing was held before an Administrative Law

Judge ("ALJ"). (T. 59.) Plaintiff, represented by attorney Jill Wright, appeared in Charlotte, North Carolina. (T. 59.) The ALJ presided over the hearing from Baltimore, Maryland. (T. 59.) Bassey A. Duke, a vocational expert ("VE"), also appeared at the hearing.[1] (T. 59.)

On December 23, 2015, the ALJ issued a decision finding that Plaintiff was not disabled from February 4, 2013, through the date of his decision. (T. 59-67.) Plaintiff requested review of the ALJ's decision. (T. 7.) The Appeals Council denied Plaintiff's request for review. (T. 7-9.) On July 30, 2017, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1)

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in order: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix 1 of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any

---

[1] At the hearing, the record was left open a week to allow for the submission of primary care records. (T. 59.) The records were ultimately not submitted, as it was explained by attorney Wright that the records were generally irrelevant to Plaintiff's allegations of disability. (T. 59.)

other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 916.920; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC. Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a VE, who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant

3

is not disabled and deny the application(s) for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

## III. The ALJ's Decision

In his December 23, 2015, decision, the ALJ ultimately found that Plaintiff was not disabled under Sections 216(i), 233(d), and 1614(a)(3)(A) of the Social Security Act. (T. 67.) In support of this conclusion, the ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through June 30, 2017.

(2) The claimant has not engaged in substantial gainful activity since February 4, 2013, the alleged onset date (20 C.F.R. § 404.1571 et seq. and 416.971 et seq.).

(3) The claimant has the following severe impairments: lumbar degenerative disc disease, myofascial pain and radiculopathy, status-post laminectomy and electric stimulation placement, and migraine headaches (20 C.F.R. §§ 404.1520(c), 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).[2]

(5) The claimant has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b). The claimant can occasionally climb ramps and stairs, and never climb ladders, ropes, or scaffolds. She can occasionally stoop, knee, crouch, and crawl.

(6) The ALJ noted that Plaintiff continues to work, though less than full time. The claimant is capable of performing past relevant work as a sales associate, as actually and generally performed. This work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. §§ 404.1565, 416.965).[3]

(7) The claimant has not been under a disability, as defined in the Social Security Act, from February 4, 2013, through December 23, 2015 (20 C.F.R. §§ 404.1520(f), 416.920(f)).

---
[2] The ALJ specifically found that Plaintiff did not meet Listing 1.04. (T. 63.)
[3] The ALJ found that Plaintiff has the following past relevant work: restaurant general manager, inventory clerk, sales associate, and department manager. (T. 67.)

4

(T. 59-67.)

**IV.     Standard of Review**

Title 42, United States Code, Section 405(g) provides that an individual may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's final decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

**V.      Discussion**

   **A.     The ALJ properly relied on record evidence that indicated Plaintiff's mental impairments did not have a significant impact on her ability to engage in work-related tasks.**

Citing Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), Plaintiff initially argues that the ALJ erred by failing to give a complete function-by-function analysis of nonexertional limitations arising from her mild difficulties maintaining concentration, persistence, or pace. Pl.'s Mem.

5

Supp. (# 10) at 5-16. According to Plaintiff, "[i]f there is no effect on the [RFC] due to the restrictions in this broad area of functioning[,] the ALJ needs to explain how he reached that conclusion and identify the evidence that supports this conclusion." Id. at 9. Plaintiff concludes that remand is warranted to permit the ALJ to provide a full explanation of her difficulties in maintaining concentration, persistence, and pace and its effect on her ability to stay on task. Id. at 15-16.

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996), provides that the ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Monroe, 826 F.3d at 189 (quoting SSR 96-8p, 1996 WL 374184, at *7). In formulating a RFC, the ALJ is not required to discuss each and every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). The ALJ is, however, required to build a logical bridge from the evidence of record to his conclusion. Monroe, 826 F.3d at 189; see also Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000). With respect to the function-by-function analysis, "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his other work-related abilities on a function-by-function basis[.]" SSR 96-8p, 1996 WL 374184, at *1.

In Mascio, the Fourth Circuit Court of Appeals held that limitations in concentration, persistence, or pace cause work-related limitations with staying on task, and while the ALJ may find that no limitations are required, an explanation is necessary. 780 F.3d at 638. The Fourth Circuit Court of Appeals further held:

> Perhaps the ALJ can explain why [the plaintiff's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation

> in [the plaintiff's] residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [the plaintiff's] ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. But because the ALJ gave no explanation, a remand is in order.

Id. (internal citation omitted).

In the instant case, Plaintiff has noticeably failed to point to a shred of record evidence establishing that her mild difficulties maintaining concentration, persistence, or pace cause a limitation on her ability to engage in work-related activities. See Pl.'s Mem. Supp. (# 10) at 5-16. This will do not do, as Plaintiff bears the burden of providing evidence to establish the degree to which her impairments limit her RFC. See Plummer v. Astrue, No. 5:11CV006-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (citing Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remands on the claimant, even when the burden of production shifts to the Commissioner at step five.)). Moreover, Plaintiff repeatedly reported that she does not believe that her mental health issues contributed to major impairments in adaptive functioning. See (T. 392) ("Nonetheless [Plaintiff] indicated that she did not believe that her issues with anxiety and depression contributed to significant impairment in adaptive functioning."); (T. 394) (Plaintiff "denied major impairments in adaptive functioning due to mental health issues."); see also Pl.'s Mem. Supp. (# 10) at 7-8

The record before this Court reveals the following: Plaintiff reported to consultative examiner Mark Coe, Ph.D. that her declines in adaptive functioning were the result of her back problems and her family's financial problems caused by her unemployment. (T. 62, 393.) Dr. Coe opined that Plaintiff's mental health symptoms should not have a significant impact on her ability to engage in work-related tasks or to socialize with others in work settings. (T. 62, 393.) The ALJ determined that Dr. Coe's opinion was entitled to "great weight" on the basis that the

7

opinion was consistent with Plaintiff's level of treatment, allegations, and other record evidence.[4] (T. 56.) The ALJ also gave "great weight" to the opinion offered by Karen R. Canipe, MSN, APRN that Plaintiff did not exhibit any work-related limitation in function due to her mental health condition. (T. 62, 379.)

Plaintiff has not pointed to any record evidence that contradicts or undermines the ALJ's findings. In sum, Plaintiff has failed to show legal error by the ALJ or that his RFC finding is not supported by substantial evidence. See Craig, 76 F.3d at 589 (recognizing that the District Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard.").

### B. The ALJ properly determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible.

In her second and final argument, Plaintiff argues that the ALJ failed to properly explain his boilerplate credibility finding. Pl.'s Mem. Supp. (# 10) at 16-21. In particular, Plaintiff contends that the ALJ was required to specify which part of her testimony he found not credible and then provide legally sufficient reasons for that determination. Id. at 17-18. Plaintiff concludes that because the ALJ's credibility determination is not legally sufficient and supported by substantial evidence, the ALJ's decision must be reversed. Id. 16.

Pursuant to SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996) ("SSR 96-7p")[5], if an ALJ finds a claimant to be less than fully credible, the ALJ must provide specific reasons that are based on the evidence. In particular, SSR 96-7p provides:

> It is not sufficient to make a conclusory statement that "the individual's allegations

---

[4] The Court notes that the weighing of Dr. Coe's opinion actually occurred during the ALJ's step two discussion. (T. 62.)

[5] Although not applicable in this case, SSR 96-7p was superseded with SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017), which is applicable to ALJ decisions issued on or after March 28, 2016. As noted, the instant ALJ decision was issued on December 23, 2015.

have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for the weight. This documentation is necessary in order to give the individual a full and fair review of his or her claim, and in order to ensure a well-reasoned determination or decision.

Id. at *4. When evaluating a claimant's subjective complaints, the Commissioner is required to consider the following factors:

(i) Your daily activities;

(ii) The location, duration, frequency, and intensity of your pain and other symptoms;

(iii) Precipitating and aggravating factors;

(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

(vi) Any measure you use or have used to relief your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

In the instant case, the ALJ noted that Plaintiff generally testified she was unable to work full time due to pain and other symptoms in her lower back and left leg. (T. 64.) Plaintiff further testified that she stopped working as a restaurant manager because of pain. (T. 64.) Plaintiff stated that she worked on a part-time basis, but this caused significant pain and she did not believe she would be able to work more than 25 hours per week. (T. 64.) Plaintiff explained that she can only

9

use her spinal stimulator when she is seated safely. (T. 64.) Plaintiff reported constant pain, which limits her activity outside of her home, and she cannot sit for more than a few hours at a given time. (T. 64.) Finally, Plaintiff testified that she is fatigued, but she is awake throughout the night trying to get comfortable and never sleeps well. (T. 64.) In the ALJ's subsequent credibility finding, he noted:

> [T]he undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(T. 64.) The ALJ then proceeded to review the medical evidence as it related to Plaintiff's impairments. (T. 64-66.) The ALJ ultimately concluded:

> Though the claimant's records shows [sic] that she has several limitations as a result of her impairments, it also shows that she is not as limited as alleged. The claimant has had multiple back surgeries, and continues to have daily low back pain with some radiation into her left leg, which limits her to a range of light work that would not further exacerbate her symptoms. The claimant has some findings of tenderness and trigger points on evaluation, as well as positive straight leg raise and somewhat limited lumbar range of motion. However, she has full motor strength and sensation, a normal gait, and an almost full squat, and reported that she is able to care for herself and her home with little difficult. As well, imaging has shown no significant findings, and her treatment has otherwise been relatively consistent and conservative. <u>The claimant continues to work</u>, though less than full time, and is able to drive, go shopping, and cook for the family.

(T. 66.) (emphasis added and transcript cites omitted).

In sum, the Court finds that the ALJ's credibility analysis is supported by substantial evidence and not legally deficient. Therefore, the Commissioner's decision should be affirmed. See <u>Hall v. Berryhill</u>, No. 3:17-CV-00285-MOC, 2018 WL 1463702, at *1 (W.D.N.C. Mar. 23, 2018) ("[T]he only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence.").

## VI. Conclusion

In light of the foregoing, the Court RECOMMENDS that Plaintiff's motion for summary judgment (# 9) be denied, and the Commissioner's motion for summary judgment (# 13) be granted.

Signed: May 7, 2018

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).