UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-451

| | | |
|---|---|---|
| **KIMBERLY G. STACK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, Magistrate Judge Dennis Howell advised the parties of the right to file objections within 14 days, all in accordance with 28 U.S.C. § 636(b)(1)(c). Objections have been filed within the time allowed.

## I. Applicable Standard

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute

does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## II.  Discussion

Here, plaintiff makes two objections to the magistrate judge's memorandum and recommendation (#15). First, plaintiff argues that Administrative Law Judge David S. Pang ("the ALJ") failed to properly assess plaintiff's mental residual functional capacity ("RFC"). Second, plaintiff contends that the ALJ failed to properly explain his credibility findings and used only boilerplate language to do so. The court will consider each objection in turn.

First, the court considers plaintiff's allegation that the ALJ improperly assessed plaintiff's mental RFC. Plaintiff argues that the ALJ neglected to properly analyze plaintiff's ability to stay on task and failed to explain the reasoning behind his findings on plaintiff's mental RFC. The court cannot agree. The ALJ provided substantial evidence in support of his findings on plaintiff's mental RFC. First, the ALJ gave great weight to the opinion of Dr. Mark Coe, who specifically found that plaintiff's mental health symptoms should not have a significant impact on her ability to engage in work-related tasks or socializing with others. (Tr. 56). Second, the ALJ also gave great weight to the opinion of Karen Canipe, who likewise found that plaintiff did not exhibit any work-related limitation in function due to her mental health condition. Id. The ALJ also sufficiently explained why he gave these opinions great weight, in that he found them to be consistent with plaintiff's level of treatment, testimony, and other factors. Id. While the ALJ did find mild limitation in concentration, persistence, or pace, the ALJ also explained away the need for such a

limitation in his RFC finding by noting that plaintiff herself testifies that this is largely due to medication and she is still able to finish what she starts. (Tr. 57). Finally, plaintiff herself offered testimony that she did not believe her issues with anxiety and depression genuinely impaired her adaptive functioning. (Tr. 392, 394). As plaintiff herself ultimately bears the burden of persuasion in establishing the degree to which her impairments limit her RFC, such admissions strongly undermine any allegations of error on the part of the ALJ. See Plummer v. Astrue, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (citing Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004)). Thus, the court finds no basis for remand on this issue.

Next, the court considers plaintiff's other objection, that the ALJ failed to properly and fully explain his credibility findings and instead used insufficient boilerplate language. Pursuant to SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996) ("SSR 96-7p"), if an ALJ finds a claimant to be less than fully credible, the ALJ must provide specific reasons that are based on the evidence; conclusory statements or a simple recitation of factors described in the regulations are insufficient. Here, the court agrees with the magistrate judge's recommendation and finds that the ALJ has done so. The ALJ noted specific contradictions in statements plaintiff made that undermined her credibility. For example, the ALJ stated that, while plaintiff did have some findings of tenderness and somewhat limited range of motion, she also possesses full motor strength and sensation, a normal gait, and an almost full squat. (Tr. 66). Further, the ALJ noted that while plaintiff claims she is in constant pain that limits her activity and that she is incapable of working full time, she has continued to work (albeit part-time) and is able to drive, go shopping, cook for her family, and otherwise take care of herself and her home with little difficulty. Id. As such, the court finds that the ALJ did sufficiently explain his credibility finding and support it with substantial evidence; as

such, the court finds no basis for remand on this issue.

After such careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the Court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#15) is **AFFIRMED,** plaintiff's Motion for Summary Judgment (#9) is **DENIED**, defendant's Motion for Summary Judgment (#13) is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

Signed: July 3, 2018

Max O. Cogburn Jr.
United States District Judge